Kay Kelso KIDD d/b/a Radio Dispatch Engineering Co., Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Thomas R. Poor, d/b/a Kern Radio Dispatch, Intervenor.

No. 16286.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 7, 1961.

Decided Feb. 1, 1962.

Mr. Jeremiah Courtney, Washington, D. C., with whom Mr. Arthur Blooston, Washington, D. C., was on the brief, for appellant.

Mr. Ernest O. Eisenberg, Counsel, Federal Communications Commission, for appellee. Messrs. Max D. Paglin, General Counsel, Federal Communications Commission, Daniel R. Ohlbaum, Asst. General Counsel, Federal Communications Commission, and Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. Robert A. Woods, Washington, D. C., with whom Messrs. Norman E. Jorgensen and Louis Schwartz, Washington, D. C., were on the brief, for intervenor.

Before Mr. Justice BURTON retired,* and WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

The Federal Communications Commission denied appellant's protest against the application of intervenor Thomas R. Poor for a construction permit for a new two-way common carrier radio station at Taft, California. The Commission also granted intervenor's application and denied appellant's petition for reconsidera-

* Sitting by designation pursuant to Section 294(a), Title 28, U.S.Code.

tion and rehearing. This appeal followed, under Section 402(b) (6) of the Communications Act of 1934, as amended.[1]

Poor, who has been in the two-way radio business for some years, was issued a developmental license by the Commission on March 31, 1958. He was granted authority to test the feasibility of operating on specified split-channel frequencies. In accordance with one of the conditions of the tests, Poor filed a developmental report with the Commission on July 31, 1958. On June 18, 1959, the Commission granted Poor's application for a construction permit to establish a two-way common carrier system on the frequencies tested. Under this authorization, Poor would serve a substantial area already served by appellant, and they would be competitors in the rendition of similar communication services.

On July 22, 1959, appellant filed a protest against the June 18 grant, alleging that the developmental report filed by Poor contained false statements and that he lacked the qualifications to be a licensee. The Commission then postponed the effective date of the grant to Poor, and ordered a hearing on his application. The Hearing Examiner found Poor chargeable with knowing and willful violations, misrepresentations, and concealments in conducting his test operations and proposed to grant the protest and deny Poor's application. Poor excepted to this decision. After oral argument, the Commission on November 18, 1960, granted Poor's application and denied the protest. The November 18 decision also denied a "Petition to Reopen the Hearing Record to Show Possible Perjury by the Applicant," which had been filed by appellant on August 12, 1960. On March 3, 1961, the Commission denied appellant's petition for reconsideration and rehearing.

As stipulated by the parties, the questions presented here are:

1. Whether the Commission properly concluded from the record as a whole that intervenor possesses the necessary character qualifications to receive the requested authorization for a common carrier two-way station.

2. Whether the Commission abused its discretion in refusing to reopen the hearing record to admit evidence of alleged perjury by intervenor.

█ █ It would serve little purpose to detail here all the charges and countercharges contained in the record. With questions of the present sort, centering on the character of an applicant, our function is primarily to see whether the Commission's judgment, based on the record as a whole, is reasonable and within its proper discretion. Cf. Federal Communications Commission v. WOKO, Inc., 329 U.S. 223, 229, 67 S.Ct. 213, 91 L.Ed. 204 (1946). Here, the Commission considered and adequately dealt with the major contentions advanced by appellant. Within fairly broad limits, the relative weight to be given to all the relevant factors presented must lie in the sound discretion of the Commission. On the basis of the record before us, we think that the Commission acted reasonably and within its discretion in finding Poor to be qualified.

█ We turn to the Commission's refusal of appellant's request that the record be reopened for evidence as to whether Poor committed perjury during the hearing. The Commission based this refusal on the ground that appellant had not shown any unusual or compelling circumstances to justify its belated assertion of the matter or to outweigh the need for administrative finality. In its opinion denying reconsideration, the Commission also ruled that appellant's supporting statements, even if accorded full value, would not lead to any change in the Commission's previous decision on the merits. Under the circumstances of this case, we believe that the refusal to reopen the record and the denial of reconsideration were within the Commission's discretion.

Affirmed.

1. 47 U.S.C. § 402(b) (6) (1958).