324 F.2d 444
 Lloyd Clinton McKENNEY, tr/as Winfield Broadcasting Co., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Ira E. Courtney, tr/as Courtney Broadcasting Co., Intervenor.
 No. 17657.
 United States Court of Appeals District of Columbia Circuit.
 Argued October 3, 1963.
 Decided October 17, 1963.
 
 Mr. John L. Tierney, Washington, D. C., with whom Mr. Robert M. Booth, Jr., Washington, D. C., was on the brief, for appellant.
 Mr. Joel H. Levy, Counsel, Federal Communications Commission, for appellee. Mr. Max D. Paglin, General Counsel, and Mrs. Ruth V. Reel, and Mr. Alan D. Reffkin, Counsel, Federal Communications Commission, were on the brief, for appellee. Mr. Daniel R. Ohlbaum, Associate General Counsel, Federal Communications Commission, also entered an appearance for appellee.
 Mr. Grover C. Cooper, Washington, D. C., with whom Mr. Charles V. Wayland, Washington, D. C., was on the brief, for intervenor.
 Before WILBUR K. MILLER, FAHY and BASTIAN, Circuit Judges.
 BASTIAN, Circuit Judge.
 
 
 1
 This is an appeal from a decision and order of the Federal Communications Commission granting the application of the intervenor, Courtney, for a construction permit for a new standard broadcast station at Winfield, Kansas, and denying the application of appellant, McKenney, for the same facilities.
 
 
 2
 The mutually exclusive applications of appellant and intervenor were designated for consolidated hearing. In so designating the applications for hearing, the Commission found that, except as indicated in specific issues, each applicant was legally, financially, technically and otherwise qualified. The specific issues in determining which application should be granted, in light of the evidence adduced, had to do with the background and experience of each applicant bearing on his ability to own and operate the proposed station; the proposal of each with respect to the management and operation of the proposed station; and the programming services proposed in the respective applications.
 
 
 3
 After an evidentiary hearing the examiner made findings of fact and concluded that neither of the applicants was entitled to be preferred over the other in the areas of local ownership, participation in civic affairs, diversification of business interests, technical facilities and staff programming or planning. Appellant was preferred over intervenor in broadcast experience and past broadcast performance. On the other hand, the examiner gave preference to intervenor over appellant in the areas of integration of ownership and management, other broadcast interests, and diversification of the media of mass communications. He found that either applicant would provide Winfield with a broadcast station which would do a creditable job of serving the needs and interests of the community; he concluded, however, that the preferences given intervenor in the fields of integration, other broadcast interests and diversification clearly outweighed the advantages awarded appellant because of his ownership and operation of five broadcast stations.[1] He further concluded that, in the absence of strong countervailing considerations, a grant to an applicant who has no other broadcast interests better serves the public interest, convenience and necessity than a grant to an applicant who has other broadcast interests, because it results in greater diversification of ownership of broadcast stations. Accordingly, he recommended the grant to intervenor.
 
 
 4
 Petition for review by the Commission was filed and, after such review and subject to certain comments not material to a decision of this case, the Commission adopted the examiner's decision and granted intervenor's application for the construction permit. Thereupon this appeal was filed.
 
 
 5
 Appellant earnestly urges that the Commission erred in its failure to conclude either that intervenor had an undisclosed ownership interest in station KGUC at Gunnison, Colorado, or that intervenor had, by letter, misrepresented to others that he had a 50% interest in that station when, in fact, he had no such interest, and that the Commission erred in its failure to conclude that intervenor did not have the basic character qualifications to be a broadcast licensee.
 
 
 6
 The matter of the alleged interest of intervenor in Station KGUC was considered by both the examiner and the Commission. The examiner concluded that appellant's claim that Courtney had an undisclosed ownership interest in Station KGUC which he had concealed from the Commission was not well founded. On review, the Commission upheld the examiner on this point and concluded that it was satisfied that at no time did intervenor have an ownership interest in that station, and further found that intervenor had offered satisfactory explanation of the letter he is alleged to have written indicating that he did have such interest. The following language from Kidd v. F. C. C., 112 U.S.App.D.C. 288, 289, 302 F.2d 873, 874 (1962), is particularly appropriate here:
 
 
 7
 "It would serve little purpose to detail here all the charges and countercharges contained in the record. With questions of the present sort, centering on the character of an applicant, our function is primarily to see whether the Commission's judgment, based on the record as a whole, is reasonable and within its proper discretion. Cf. Federal Communications Commission v. WOKO, Inc., 329 U.S. 223, 229, 67 S.Ct. 213, 91 L.Ed. 204 (1946). Here, the Commission considered and adequately dealt with the major contentions advanced by appellant. Within fairly broad limits, the relative weight to be given to all the relevant factors presented must lie in the sound discretion of the Commission. On the basis of the record before us, we think that the Commission acted reasonably and within its discretion in finding Poor [intervenor] to be qualified."
 
 
 8
 Here, too, we hold that the Commission acted reasonably and within its discretion in finding the intervenor to be qualified. Despite appellant's contention that adequate findings of fact on material issues were not made by the examiner or the Commission, we think the Commission "considered and adequately dealt with the major contentions advanced by appellant."
 
 
 9
 Appellant also claims that the Commission's award of a substantial preference to Courtney in the area of diversification in ownership of broadcast stations was unsupported by the evidence. We disagree.
 
 
 10
 There being support in the record for all of the Commission's findings and conclusions, we affirm the action of the Commission.
 
 
 11
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Intervenor has no other ownership interests; appellant owns 100% of two standard broadcast stations and 50% of three others, all within a 215-mile radius of Winfield