**FLORIDA GULFCOAST BROADCASTERS, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**WTSP–TV, Inc., Intervenor.**

**SUNCOAST CITIES BROADCASTING CORPORATION, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**WTSP–TV, Inc., Intervenor.**

**TAMPA TELECASTERS, INC., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**WTSP–TV, Inc., Intervenor.**

**Nos. 19048, 19172, 19175.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 14, 1965.

Decided Oct. 14, 1965.

Comm., 121 U.S.App.D.C. ——, 348 F.2d 56 (1965).

Mr. Harry M. Plotkin, Washington, D. C., with whom Messrs. Neville Miller, John P. Bankson, Jr., and Gene A. Bechtel, Washington, D. C., were on the brief for appellant in No. 19,048, argued for all appellants.

Mrs. Lenore Ehrig, Counsel, Federal Communications Commission, for appellee. Messrs. Henry Geller, General Counsel, John H. Conlin, Associate General Counsel, and Robert B. Jacobi, Counsel, Federal Communications Commission, were on the brief for appellee. Messrs. Daniel R. Ohlbaum, Deputy General Counsel, and Joel H. Levy, Counsel, Federal Communications Commission, also entered appearances for appellee.

Mr. Aloysius B. McCabe, Washington, D. C., with whom Mr. James M. John-stone, Washington, D. C., was on the brief, for intervenor. Mr. Reed T. Rollo, Washington, D. C., also entered an appearance for intervenor in No. 19,048.

Messrs. Benito Gaguine, Herbert M. Schulkind and Joseph J. Kessler, Washington, D. C., were on the brief for appellant in No. 19,172.

Messrs. James A. McKenna, Jr., and David S. Stevens, Washington, D. C., were on the brief for appellant in No. 19,175.

Before EDGERTON, Senior Circuit Judge, and DANAHER and TAMM, Circuit Judges.

PER CURIAM.

The appellants are unsuccessful applicants for the right to operate a television station on Channel 10 in the Tampa-St. Petersburg area of Florida. They have persisted through the more than eight years which have elapsed since the Federal Communications Commission on June 3, 1957, announced the allocation of this channel to that area, although other competitive applicants have abandoned their efforts to acquire this allocation.

Appellants base their efforts in this court to reverse the appellee's grant of Channel 10 to intervenor on the usual contentions found in this type of action. One appellant, however, challenges in this court for the first time appellee's use of comparative criteria in determining the relative merit of each of the applicants for a mutually exclusive allocation. This appellant in its presentation charges that the use of criteria necessitates a subjective evaluation on the part of the appellee which, in turn, results in conclusionary inferences or presumptions which produce a judgment which, by its very nature, must be arbitrary and capricious.

The short and obvious answer to this allegation is that it was never raised at any level before the Commission during the seven years of hearings and pleadings before that agency. It follows,

consequently, that the issue is not properly before this court.

"A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reason for its action." Unemployment Compensation Commission of Territory of Alaska v. Aragon, 329 U.S. 143, 155, 67 S.Ct. 245, 251, 91 L.Ed. 136 (1946); see also Albertson v. Federal Communications Commission, 100 U.S.App.D.C. 103, 243 F.2d 209 (1957).

■ A second distinctive challenge to the Commission's award of the allocation to the intervenor is the charge that the appellee failed to properly evaluate intervenor's change in programming and to penalize intervenor and to prefer appellants on this basis. The record discloses, however, that the Commission, on its own motion, reopened the hearings to receive further evidence on this question. Subsequently, the Commission made detailed findings of fact on the basis of the entire record and set forth in detail the reasons for its conclusions with reference to this point.

■ Appellants also charge that the Commission erred in refusing to re-evaluate all applicants upon the entire record when remanding the case to the Hearing Examiner to take further evidence upon the issue of intervenor's reprogramming schedule after the close of the initial hearing. We conclude that the Commission did not abuse its discretion in declining to conduct a new and complete comparison of all the applicants. The testimony and exhibits on the rehearing support the Commission's ruling in favor of the intervenor. Moreover, the Commission set forth with specificity the shortcomings on a comparative basis of the appellants' programming on a Composite Week basis. Appellants had not shown any unusual, compelling, or extraordinary circum-

stances to justify the re-evaluation of all applicants or to outweigh the need for administrative finality. Under the circumstances, the Commission's action represented a proper exercise of Commission discretion. Kidd v. Federal Communications Commission, 112 U.S. App.D.C. 288, 302 F.2d 873 (1962). Cf. Kentucky Broadcasting Corp. v. Federal Communications Commission, 84 U.S. App.D.C. 383, 174 F.2d 38 (1949); Interstate Commerce Commission v. City of Jersey City, 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420 (1944); note also United States v. Pierce Auto Freight Lines, 327 U.S. 515, at page 535, 66 S.Ct. 687, at page 697, 90 L.Ed. 821 (1946):

"Except in [a] single instance, it has been held consistently that rehearings before administrative bodies are addressed to their own discretion. * * * Only a showing of the clearest abuse of discretion could sustain an exception to that rule." (Distinguishing Atcheson, Topeka and Santa Fe R. Co. v. United States, 284 U.S. 248, 52 S.Ct. 146, 76 L.Ed. 273 (1932).

■ We hold that the Commission was acting entirely in the field of its competence. Its findings of fact are supported by substantial evidence and are not arbitrary or capricious. They are, therefore, conclusive. 5 U.S.C. § 1009(e); 47 U.S.C. § 402(g). As we said in Pinellas Broadcasting Co. v. Federal Communications Commission, 97 U.S.App.D.C. 236, 238, 230 F.2d 204, 206, cert. denied, 350 U.S. 1007, 76 S.Ct. 650, 100 L.Ed. 869 (1956):

"The controversy is in an area into which the courts are seldom justified in intruding. The selection of an awardee from among several qualified applicants is basically a matter of judgment, often difficult and delicate, entrusted by the Congress to the administrative agency."

The orders and decisions of the Commission from which these appeals are taken are affirmed.