**CENTRAL BROADCASTING COM-
PANY, Appellant,**

v.

**FEDERAL COMMUNICATIONS COM-
MISSION, Appellee.**

**CENTRAL BROADCASTING COM-
PANY, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COM-
MISSION and United States of
America, Respondents.**

**Nos. 20088, 20306.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 18, 1966.

Decided Dec. 20, 1966.

Mr. Richard Hildreth, Washington, D.
C., with whom Messrs. Frank U. Fletcher
and Marvin Rosenberg, Washington, D.
C., were on the brief, for appellant in No.
20088 and petitioner in No. 20306.

Mr. Stuart F. Feldstein, Counsel, F. C.
C., with whom Asst. Atty. Gen. Donald
F. Turner, Mr. Henry Geller, Gen. Coun-
sel, Mr. John H. Conlin, Associate Gen.
Counsel, and Mrs. Lenore G. Ehrig,
Counsel, F. C. C., and Mr. Howard E.
Shapiro, Atty., Dept. of Justice, were on
the brief, for appellee in No. 20088 and
respondents in No. 20306.

Before PRETTYMAN, Senior Circuit
Judge, and FAHY and McGOWAN, Circuit
Judges.

PER CURIAM:

Appellant, Central Broadcasting Com-
pany, owned and operated a standard
broadcasting station at 1 kilowatt power
daylight in Belmont, North Carolina, a
small town near Charlotte. In October,
1961, it filed an application for increase
in its power to 5 kilowatts. The matter
was designated for hearing, and among
the issues specified were the areas and
populations which might be expected to
lose service from the proposed operation
and the nature and extent of the inter-
ference which would be caused Station
WHEO, a small station at Stuart, Vir-
ginia. Central filed an exhibit on the
point, prepared in part from the soil con-
ductivity map which is in the Commis-
sion's regulations. It showed that
WHEO already suffered a 5.7 per cent
interference within its normal protected
contour and that the increase in power at
Central would cause an additional 6 per
cent, making a total interference to that
station of about 11½ per cent. The ex-
aminer decided for denial of the applica-
tion. Central appealed to the Board of
Review and, while the matter was pend-
ing there, before hearing, moved for a re-
opening of the record to receive as evi-
dence certain engineering field measure-
ments, which, it believed, would show
that WHEO had been suffering no inter-
ference. The Review Board denied the
motion and also denied reconsideration of
that denial, but it reversed the examiner
and ordered a grant of the application.

The matter was taken to the Commission, and that body reversed the Review Board and denied Central's application. Thereupon Central petitioned for reconsideration and at that point presented to the Commission, for the first time, its plea for a reopening of the record for receipt of the engineering field measurements. The motion for the reopening had been first made to the Review Board eleven months after the record was closed and five months after the initial decision was handed down. The Commission denied the reopening. In its consideration of the application on the merits the Commission balanced the gains to be achieved by the grant, largely in the City of Charlotte, against the losses to be effected, largely at the expense of the small market stations in the neighboring towns. It found the latter to outweigh the former. Under the circumstances here present, the reopening of the record was within the discretion of the Commission.[1] We find no error.

Affirmed.

1. Kidd v. FCC, 112 U.S.App.D.C. 288, 302 F.2d 873 (D.C.Cir. 1962); Guinan v. FCC, 111 U.S.App.D.C. 371, 297 F.2d 782 (D.C.Cir. 1961).