377 F.2d 142
 CENTRAL BROADCASTING COMPANY, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
CENTRAL BROADCASTING COMPANY, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.
 No. 20088.
 No. 20306.
 United States Court of Appeals District of Columbia Circuit.
 Argued November 18, 1966.
 Decided December 20, 1966.
 
 Mr. Richard Hildreth, Washington, D. C., with whom Messrs. Frank U. Fletcher and Marvin Rosenberg, Washington, D. C., were on the brief, for appellant in No. 20088 and petitioner in No. 20306.
 Mr. Stuart F. Feldstein, Counsel, F. C. C., with whom Asst. Atty. Gen. Donald F. Turner, Mr. Henry Geller, Gen. Counsel, Mr. John H. Conlin, Associate Gen. Counsel, and Mrs. Lenore G. Ehrig, Counsel, F. C. C., and Mr. Howard E. Shapiro, Atty., Dept. of Justice, were on the brief, for appellee in No. 20088 and respondents in No. 20306.
 Before PRETTYMAN, Senior Circuit Judge, and FAHY and McGOWAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Central Broadcasting Company, owned and operated a standard broadcasting station at 1 kilowatt power daylight in Belmont, North Carolina, a small town near Charlotte. In October, 1961, it filed an application for increase in its power to 5 kilowatts. The matter was designated for hearing, and among the issues specified were the areas and populations which might be expected to lose service from the proposed operation and the nature and extent of the interference which would be caused Station WHEO, a small station at Stuart, Virginia. Central filed an exhibit on the point, prepared in part from the soil conductivity map which is in the Commission's regulations. It showed that WHEO already suffered a 5.7 per cent interference within its normal protected contour and that the increase in power at Central would cause an additional 6 per cent, making a total interference to that station of about 11½ per cent. The examiner decided for denial of the application. Central appealed to the Board of Review and, while the matter was pending there, before hearing, moved for a reopening of the record to receive as evidence certain engineering field measurements, which, it believed, would show that WHEO had been suffering no interference. The Review Board denied the motion and also denied reconsideration of that denial, but it reversed the examiner and ordered a grant of the application. The matter was taken to the Commission, and that body reversed the Review Board and denied Central's application. Thereupon Central petitioned for reconsideration and at that point presented to the Commission, for the first time, its plea for a reopening of the record for receipt of the engineering field measurements. The motion for the reopening had been first made to the Review Board eleven months after the record was closed and five months after the initial decision was handed down. The Commission denied the reopening. In its consideration of the application on the merits the Commission balanced the gains to be achieved by the grant, largely in the City of Charlotte, against the losses to be effected, largely at the expense of the small market stations in the neighboring towns. It found the latter to outweigh the former. Under the circumstances here present, the reopening of the record was within the discretion of the Commission.[1] We find no error.
 
 
 2
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Kidd v. FCC, 112 U.S.App.D.C. 288, 302 F.2d 873 (D.C.Cir. 1962); Guinan v. FCC, 111 U.S.App.D.C. 371, 297 F.2d 782 (D.C.Cir. 1961)